**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GREGORY C. MIDDLETON,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF BELLWOOD, a Municipal Corporation, Bellwood Police Detective WILLIAM HERNANDEZ,<br><br>Defendants. | No. 22-cv-3456<br><br>***Jury Trial Demanded.*** |

## COMPLAINT AT LAW

NOW COME Plaintiff GREGORY C. MIDDLETON, by his attorney, Law Office of Jordan Marsh LLC, complaining of the Defendants, VILLAGE OF BELLWOOD, a Municipal Corporation, and Bellwood Police Detective WILLIAM HERNANDEZ, and state the following:

## JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, §§ 1983 and 1988, and under the laws of the State of Illinois.

2. The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, §§ 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

3. This Court has jurisdiction over this action pursuant to Title 28 of the United States Code §§ 1331 and 1367, as Plaintiff asserts claims under federal law and the state law claims arise out of

the same facts as the federal claims. Venue is proper in the United States District Court for the Northern District of Illinois under Title 28 of the United States Code, § 1391(b)(2), as the events complained of occurred within this district.

## PARTIES

4. Plaintiff Gregory C. Middleton (hereinafter "Gregory") is a decorated U.S. Marine veteran who served five combat tours in Iraq and Afghanistan, and received a Purple Heart after being injured by enemy gunfire in the line of duty. At all times relevant, Gregory was a resident of Cook County, Illinois.

5. Defendant Village of Bellwood is a government entity operating within the State of Illinois. Village of Bellwood is responsible for the actions of its employees while acting within the scope of their employment. At all times relevant to this action, Village of Bellwood was the employer of Defendant Hernandez.

6. Defendant William Hernandez is sued in his individual capacity and was at all times relevant, a sworn police officer employed by Defendant Village of Bellwood, and was acting within the scope of his agency, service and/or employment with the Village of Bellwood, and was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois.

## FACTUAL ALLEGATIONS

7. On April 25, 2022, Gregory received an "Accident Notice" (hereinafter "notice") from the Village of Bellwood, stating the Village received a report of a hit and run accident on April 2, 2022, involving his vehicle. The Notice stated, "It is your obligation to contact the Police Department and complete the accident report", and directed him to contact Defendant Hernandez. The Notice further informed Gregory that "[t]his is the only notice you will receive.

You must contact the Officer named below. Failure to do so will result in either a criminal complaint filed against you or a report filed with the Department of Transportation which could result in Suspension or Revocation of your driver's license or license plates."

8. On April 25, 2022 – the same day he received the notice – Gregory left a voicemail message for Defendant Hernandez, and sent him an email, stating, "I just received a letter from you informing me that my vehicle was involved in a hit and run accident. I assure you that my vehicle was not. No one drives it but me, and I, nor it were involved in an accident. On 4/2/22, I don't believe I left my property on the Southside of Chicago. I'd like to resolve this as quickly as possible. Please call me ANYTIME at xxx-xxx-xxxx."

9. Defendant Hernandez called Gregory the next day, and told him that in order to clear things up, he just needed to take some photographs of Gregory's car.

10. On May 3, 2022 Gregory drove to the Bellwood Police Department so that Defendant Hernandez could photograph his car.

11. In fact, Defendant Hernandez had no interest in photographing Gregory's car, and there was no hit and run accident on April 2. Hernandez sent the notice to Gregory as a ruse in order to lure him into custody.

12. When Gregory arrived at the Bellwood Police station, instead of photographing Gregory's car, Defendant Hernandez unlawfully detained Gregory for more than seven hours.

13. Defendant Hernandez refused to explain why he was detaining/arresting Gregory unless he signed a Miranda waiver, which Gregory refused to do.

14. Hernandez had no probable cause or reasonable suspicion that Gregory had been involved in criminal activity.

15. Defendant Hernandez confiscated Gregory's telephone without seeking or obtaining a warrant.

16. Defendant Hernandez had no probable cause or reasonable suspicion to believe Gregory's phone contained evidence of criminal activity.

17. Defendant Hernandez eventually released Gregory without charges, but refused to return Gregory's telephone.

18. Gregory retained a criminal defense attorney, who contacted Defendant Hernandez in order to set up a time for Gregory to come in to the police station to provide whatever information he could regarding the accident.

19. Gregory and his attorney made an appointment to see Defendant Hernandez on May 10, 2022 at 4:00 p.m. at the Bellwood police station.

20. When Gregory and his attorney arrived, Defendant Hernandez informed them there had been no accident – the notice was simply a ruse to get Gregory into custody.

21. Defendant Hernandez asked Gregory where he was on December 19, 2021.

22. Gregory informed Defendant Hernandez he had no idea where he was on that date, and would have to check his calendar and other items to determine his whereabouts on that date.

23. Although Gregory was willing to answer any additional questions, Defendant Hernandez stated he had no further questions for Gregory.

24. Gregory's attorney demanded return of Gregory's phone, but Defendant Hernandez refused.

25. Gregory's attorney noted that Hernandez had no warrant to seize or search the phone. Hernandez replied that he was in the process of obtaining a warrant.

26. Gregory stated that without his phone, it would be more difficult to determine where he was and what he did on December 19, 2021. Hernandez still refused to return Gregory's phone.

27. Gregory and his attorney left the police station without being informed of any allegations, and without Gregory being arrested or charged.

28. As of the date of this filing, Gregory has not been arrested, and his phone has not been returned.

## COUNT I – FEDERAL CLAIM
## FALSE ARREST
## DEFENDANT HERNANDEZ

29. Each paragraph of this Complaint is incorporated as if restated fully herein.

30. Defendant Hernandez caused Gregory to be arrested without probable cause to believe he had committed a crime, in violation of the Fourth Amendment to the U.S. Constitution.

31. At all times relevant, Defendant Hernandez was acting under color of the statutes, ordinances, regulations, customs, and usages of the State of Illinois, and within the scope of his employment as a Bellwood police officer.

32. As a proximate result of Defendant's misconduct, Gregory suffered loss of liberty, fear, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against Defendant Hernandez in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT II – FEDERAL CLAIM**
**UNLAWFUL DETENTION**
**DEFENDANT HERNANDEZ**

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. Defendant Hernandez caused Gregory to be detained without probable cause or reasonable suspicion to believe he had committed, or was committing, a crime, resulting in deprivation of his liberty, in violation of the Fourth Amendment to the U.S. Constitution.

35. As a proximate result of Defendant's misconduct, Gregory suffered loss of liberty, fear, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against Defendant Hernandez in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT III – FEDERAL CLAIM**
**ILLEGAL SEIZURE**
**DEFENDANT HERNANDEZ**

36. Each paragraph of this Complaint is incorporated as if restated fully herein.

37. Defendant Hernandez seized and/or caused Gregory's property to be seized without legal process or probable cause to believe the property contained evidence of a crime, in violation of the Fourth Amendment to the U.S. Constitution.

38. As a proximate result of Defendant's misconduct, Gregory suffered the loss of his property, inconvenience, disruption, mental anguish, emotional pain and suffering, and loss of income.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against Defendant Hernandez in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT IV – STATE CLAIM**
**FALSE ARREST/WRONGFUL IMPRISONMENT**
**VILLAGE OF BELLWOOD**

39. Each paragraph of this Complaint is incorporated as if restated fully herein.

40. Defendant Village of Bellwood, by and through its agent, Defendant Hernandez, caused Gregory to be restrained, detained, seized, imprisoned, and/or arrested without having reasonable grounds to believe he had committed any crime or offense.

41. As a proximate result of Defendant's misconduct, Gregory suffered loss of liberty, fear, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against the Village of Bellwood in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT V – STATE CLAIM**
**CONVERSION**
**VILLAGE OF BELLWOOD**

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

43. Defendant Village of Bellwood, by and through its agent, Defendant Hernandez, wrongfully asserted control, dominion, and/or ownership of Gregory's property without legal justification or authorization.

44. Gregory had an absolute right in the property, and a right to immediate, absolute, and unconditional possession of the property.

45. Gregory demanded possession of the property, which Defendant Village of Bellwood, by and through its agent Defendant Hernandez, refused.

46. As a proximate result of Defendant Village of Bellwood's misconduct, Gregory suffered and continues to suffer inconvenience, disruption, frustration, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against Village of Bellwood in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

## COUNT VI – STATE CLAIM
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## VILLAGE OF BELLWOOD, HERNANDEZ

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

48. The conduct of Defendant Hernandez and Defendant Village of Bellwood, by and through its agent, Defendant Hernandez, as set forth herein, was extreme and outrageous.

49. Defendants intended to cause or recklessly or consciously disregarded the probability of causing emotional distress, and Gregory suffered severe emotional distress as a proximate result of Defendants' actions.

50. As a proximate result of Defendants' misconduct, Gregory suffered severe anxiety, mental anguish, and emotional pain and suffering.

For the foregoing reasons, the Plaintiff, Gregory C. Middleton, prays for judgment against Defendants in a fair and reasonable amount, including compensatory and punitive damages, attorney's fees and costs, and for any additional relief this Court deems just and proper.

**COUNT VII -- STATE LAW CLAIM**
**INDEMNIFICATION**
**VILLAGE OF BELLWOOD**

51. Each paragraph of this Complaint is incorporated as if restated fully herein.

52. At all relevant times, Village of Bellwood was the employer of Defendant Hernandez.

53. Defendant Hernandez committed the acts alleged above under color of law and in the scope of his employment as an employee of the Village of Bellwood.

54. Illinois law provides that government entities are directed to pay any tort judgment for any damages for which employees are liable within the scope of their employment activities.

55. Should Defendant Hernandez be found liable on one or more of the claims set forth above, Plaintiff Gregory C. Middleton demands, pursuant to Illinois law, that his employer, Defendant Village of Bellwood, be found liable for any judgment plaintiff obtains against Defendant Hernandez, as well as attorney's fees and costs awarded, and for any additional relief this Court deems just and proper.

**JURY DEMAND**

The Plaintiff requests a trial by jury.

**DATED:** July 1, 2022

Respectfully submitted,
Gregory C. Middleton
By his attorney

**/s/ Jordan Marsh**
Attorney for Plaintiff

**LAW OFFICE OF JORDAN MARSH**
5 Revere Drive Suite 200
Northbrook IL 60062
(312) 401-5510
jordan@jmarshlaw.com